NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3503
_____

UNITED STATES OF AMERICA

v.

ANIELLO PALMIERI,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-13-cr-00649-001)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Filed:  March 13, 2017)
_____

OPINION*
_____

_____

        * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Aniello Palmieri appeals his judgment of sentence following his conviction for mail fraud. Palmieri claims the District Court erred both in denying a downward departure and in applying a sentencing enhancement related to his status as a public official. We will affirm.

I

As Director of the Division of Facilities Management for Union County, New Jersey, Palmieri assisted in selecting vendors for building materials, tools, and other supplies. At the time of his retirement, Palmieri's salary exceeded $111,000, and he oversaw millions of dollars of purchases annually. From 2006 to 2010, Palmieri used his influence to participate in kickback schemes, verifying false and inflated invoices and receiving a portion of the vendors' wrongful profit in return.

In 2010, Palmieri agreed to cooperate with law enforcement officials in their attempt to prosecute the participants in one of these schemes. Palmieri helped officials gather useful evidence for corruption prosecutions, including recording over 50 in-person conversations.

On October 2, 2013, Palmieri pleaded guilty to one count of mail fraud. At sentencing, the District Court found that Palmieri qualified for a four-level enhancement as a "public official in a high-level decision-making or sensitive position." United States

2

Sentencing Guidelines (USSG) § 2C1.1(b)(3). Although the Government moved for a downward departure based on Palmieri's substantial assistance under § 5K1.1 of the Guidelines, the Court denied the motion. In doing so, the Court expressed frustration with the "ridiculous" pattern of prosecutors requesting downward departures for "people who were corrupt in their public duty." App. 31–32. Regarding Palmieri, the Court stated that his cooperation "does not impress this court," particularly where "[t]he other persons were not in his level." App. 36. The District Court sentenced Palmieri to 70 months' imprisonment, the bottom of his Guidelines range.

## II[1]

Palmieri challenges both the District Court's denial of a downward departure and its imposition of the public official enhancement. We see no merit in either challenge.

## A

As for Palmieri's first challenge, we lack jurisdiction to review the discretionary denial of a motion for downward departure based on substantial assistance unless "the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009). Here, the District Court—which referred to its "discretion" to grant or deny the motion, App. 29—was clearly aware of its power to grant Palmieri a downward departure.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

Palmieri insists we retain jurisdiction over whether the District Court gave "any meaningful analysis to the enumerated factors in [USSG § ]5K1.1." Palmieri Br. 9. He relies primarily on *United States v. Torres*, which held a sentencing court considering a departure for substantial assistance "not only must conduct a qualitative, case-by-case analysis but also must examine § 5K1.1's enumerated factors," and found jurisdiction to review that examination for adequacy. 251 F.3d 138, 147 (3d Cir. 2001).

Even assuming that we have jurisdiction to review the District Court's examination of these factors, the District Court met the standard set by *Torres*. We held in *Torres* that the district court "met its burden under § 5K1.1" where, despite not "articulat[ing] the details of Torres's substantial assistance," the court "heard and considered arguments that covered each factor enumerated in the Guidelines . . . indicated its awareness of Torres's assistance in relation to the § 5K1.1 factors [and] balanced the seriousness of Torres's offense against his substantial efforts to assist the government's investigation." 251 F.3d at 148–49. Here, the District Court: (1) heard argument relevant to the § 5K1.1 factors, App. 27–29; (2) acknowledged § 5K1.1 as the source of the Government's position, App. 29; and (3) conducted an individualized assessment of Palmieri's circumstances, including the significance of his assistance. App. 36, 48. While we express no opinion as to the merit of the concerns expressed by the District Court when reviewing Palmieri's assistance, we note that "[p]olicy considerations are not off-limits in sentencing" so long as a defendant is being assessed as an individual. *United*

4

*States v. Levinson*, 543 F.3d 190, 200 (3d Cir. 2008) (citation omitted). Accordingly, the District Court acted within its discretion in denying the Government's § 5K1.1 motion.

B

Palmieri also challenges his four-level enhancement, arguing that he was not a "public official in a high-level decision-making or sensitive position" under the meaning of USSG § 2C1.1(b)(3). We review the District Court's determination for clear error. *United States v. Richards*, 674 F.3d 215, 216 (3d Cir. 2012).

The application notes to § 2C1.1(b)(3) explain that a high-level decisionmaking or sensitive position is "characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, *or by a substantial influence* over the decision-making process." USSG § 2C1.1, app. n.4(A) (emphasis added); *see also United States v. Savani*, 733 F.3d 56, 62 (3d Cir. 2013) ("[G]uidelines commentary, interpreting or explaining the application of a guideline, is binding on us.").

Palmieri has not shown how the District Court erred when it found he exercised substantial influence over the vendor selection process. Furthermore, he fails to distinguish our decision in *Richards*, where we upheld a § 2C1.2(b)(3) enhancement using an identical definition of "public official in a high-level decision-making or sensitive position." While the official in *Richards*, like Palmieri, "could not act officially on the County's behalf," he exercised substantial influence through recommendations to

5

his superiors. 674 F.3d at 217; *see also id.* at 224.[2] Therefore, the District Court did not clearly err when it enhanced Palmieri's sentence pursuant to § 2C1.1(b)(3).

*     *     *

We will affirm the District Court's judgment for the reasons stated.

---

[2] Palmieri offers one out-of-circuit case, *United States v. Stephenson*, where the Second Circuit declined to apply his enhancement (then § 2C1.1(b)(2)) to an Export Licensing Officer who participated in a bribery scheme. 895 F.2d 867, 878 (2d Cir. 1990). *Stephenson* is inapposite for three reasons. First, the court was engaged in de novo review, while we are reviewing the District Court's determination only for clear error. *Id.* at 877–78. Second, the court primarily addressed the government's theory that the defendant held a "sensitive" position, finding his discretion and security clearance did "not set him apart from a multitude of personnel in the federal service." *Id.* at 878. Finally, a sentencing court could reasonably consider the defendant in *Stephenson*—earning $40,000 a year as one of many Export Licensing Officers—as lower level than Palmieri, who was a county-wide director earning over six figures.